USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/16/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

InterDigital Communications, Inc., et al.,

        Petitioners,

- against -

Huawei Investment & Holding Co., Ltd., et al.,

        Respondents.

15 Civ. 4485 (JGK)

MEMORANDUM OPINION AND ORDER

---

**JOHN G. KOELTL, District Judge:**

On February 11, 2016, the parties jointly moved for an order sealing the courtroom during an upcoming oral argument to be held on February 16, 2016. The argument concerns whether an arbitration award should be enforced or whether the proceeding should be stayed pending a decision of another related proceeding in Paris. These types of proceedings are common and routinely held in open court.

The common law right of public access and First Amendment right of access to judicial documents and proceedings are well established. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Against the common law right of public access to judicial proceedings, the court must balance competing considerations such as the privacy interests of resisting disclosure. Id. at 119. And in the context of the presumptive

First Amendment right to public access, the Court must determine whether these proceedings are the types of proceedings that are historically open to the press and the general public and "whether public access plays a significant positive role in the functioning of the particular process in question." Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 164 (2d Cir. 2013) (quoting Lugosch, 435 F.3d at 120). "[T]he presumptive right of access prevails unless it is overcome by 'specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" Id. at 165 (quoting Lugosch, 435 F.3d at 124).

The parties have made no effort to provide a justification for why the courtroom should be sealed. The parties mention only that "the written submissions and the record to date reference a significant amount of confidential business information" and that the oral argument "may make reference to such confidential business information." Dkt. No. 70. The Protective Order entered on July 14, 2015, specifically contemplated that "[t]he Court may determine that information alleged to be confidential is not confidential or that its disclosure is necessary for the proper disposition of the proceeding." Moreover, the Protective Order was not binding on the Court. Dkt. No. 24. The motion argument relates to InterDigital's motion to enforce an arbitration award and Huawei's motion to stay the proceeding in this Court. The

issues to be addressed at the argument do not appear to require an in-depth discussion of confidential business information. It is incredible to think that the parties could not make intelligent legal arguments without referring to highly confidential information.

"When [parties] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property[.]" Union Oil Co. of California v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000); Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records.").

The parties' joint request is denied without prejudice to the parties making a particularized showing with respect to any particular information.

**SO ORDERED.**

**Dated:** New York, New York
February 11, 2016

    G. Koeltl
    John G. Koeltl
    United States District Judge